IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL SMEDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:12CV116-WKW |
| ) | |
| CITY OF OZARK, ) | |
| ) | |
| Defendant. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Darrell Smedley, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon its review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff alleges that he was sentenced to payment of fines in the total amount of $538.97 by the City of Ozark municipal court on Case Nos. MC09-361 and MC09-362, brought against him for obstructing government operations and public intoxication. He further alleges that he was making payments on the fines and, by October 27, 2011, owed a balance of $354.97. Plaintiff asserts that, at some point thereafter, City of Ozark probation

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

officer Lin Lindsy increased the amount remaining due on plaintiff's fines from $354.97 to $703.97 (see Doc. # 1-1, pp. 31-33), and that plaintiff was not aware of the increase until he noticed, on his January 2012 payment receipt, a reported balance of $680.97. He claims that he spoke with "the Director" when he noticed the increase in his fine, but she responded that it was justified and refused to reduce the fine.[2]

Plaintiff sues the City of Ozark pursuant to 42 U.S.C. § 1983, and asserts that the City of Ozark is liable to him for subjecting him to an excessive criminal fine, in violation of the Eighth Amendment. He seeks compensatory and punitive damages, and injunctive and declaratory relief. (Complaint, pp. 23-24). The injunctive relief plaintiff seeks as to an allegedly excessive fine in the municipal court sentence he is now serving may be obtained in this court, if at all, only by means of a habeas petition filed pursuant to 28 U.S.C. § 2254. See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006)("[I]f the relief sought by the [plaintiff] would either invalidate his conviction or sentence or change the nature or duration of his sentence, the [plaintiff's] claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action. If the court determines that the claim does challenge the lawfulness of the [plaintiff's] conviction or sentence, then the court must treat the [plaintiff's] claim as raised

---

[2] The court has attempted to distill plaintiff's allegations of fact and the essence of his claims from his lengthy handwritten complaint. Much of the complaint – which is twenty-five pages in length, not including exhibits – consists of legal argument pertaining to municipal liability and qualified immunity in cases brought pursuant to 42 U.S.C. § 1983 and string citations to case law. The complaint also includes legal argument regarding various issues arising under criminal law, such as probable cause, criminal negligence, and accomplice liability which does not appear to relate to plaintiff's allegations of fact.

under § 2254, and it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim.")(citing Nelson v. Campbell, 541 U.S. 637, 643 (2004)).

To the extent that plaintiff challenges his sentence to an excessive fine in violation of the Eighth Amendment pursuant to 28 U.S.C. § 2254, plaintiff's claim is due to be dismissed for failure to exhaust his claim through the state courts. See Mason v. Allen, 605 F.3d 1114 (11th Cir. 2010)("[T]o properly exhaust a claim, the petitioner must 'fairly present[]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). Plaintiff alleges that he discovered his "excessive fine" in January 2012, just over a month before he filed the present action. He does not allege that he has exhausted his claim that he has been sentenced to an excessive fine in the state courts, or that he has even raised it there. Accordingly, to the extent that he challenges his sentence, plaintiff's claim is barred. Mason, *supra*.

Construing his complaint liberally, plaintiff may be attempting to assert a claim pursuant to 42 U.S.C. § 1983 that the City of Ozark probation officer deprived him of his right to procedural due process by raising his fine without notice. However, even assuming a procedural deprivation, plaintiff may not maintain a procedural due process claim against the City of Ozark pursuant to 42 U.S.C. § 1983 because he has not alleged that the State of Alabama has failed to provide adequate post-deprivation remedies. Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir.), *rehearing and rehearing en banc denied*, 237 F.3d 638 (11th Cir. 2000)("It is the state's failure to provide adequate procedures to remedy the otherwise

3

procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim ... . This rule ... recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies ...' before being subjected to a claim alleging a procedural due process violation.")(citations omitted).

Under Alabama law, the municipal judge supervising plaintiff's probation and the installment payments on his criminal fines has the authority to modify the conditions of his probation "at any time." See Ala. Code, § 12-14-13(d). Additionally, Alabama law provides a mandamus remedy. See Ala. Code, § 6-6-640. Accordingly, plaintiff cannot establish, as to the circumstances alleged in his complaint, that the State of Alabama provides no adequate post-deprivation remedy. To the extent that he asserts a procedural due process claim, his claim is due to be dismissed with prejudice. See Cotton, 216 F.3d at 1332.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) plaintiff's § 1983 procedural due process claim against the City of Ozark be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state an actionable procedural due process claim;

(2) to the extent that plaintiff seeks relief from his sentence to an "excessive fine" pursuant to 28 U.S.C. § 2254, his claim be DISMISSED without prejudice for failure to exhaust state remedies; and

(3) the motion for summary judgment filed by plaintiff on March 9, 2012 (Doc. # 4) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 23, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 9th day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE